COPE, Judge.
DKJ, Inc., a dissolved Florida corporation, appeals a nonfinal order denying its motion to quash service of process and to dismiss for lack of jurisdiction. We affirm.
According to plaintiff Frank Swierski’s complaint, he sustained personal injuries on the premises of DKJ, Inc. in 1982. In 1983 DKJ was dissolved. In 1985 Swierski brought his personal injury action against DKJ, Inc. In 1988 Swierski served process on Linda Induisi, as Trustee of DKJ, Inc.
DKJ moved to quash service of process, and to dismiss the action, on the ground that it was not amenable to service of *1389 process over three years after the date of dissolution. The trial court denied the motion and DKJ appeals.
The trial court was entirely correct. Section 607.297, Florida Statutes (1987), provides that the dissolution of a corporation “shall not take away or impair any remedy available to or against such corporation ... for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within 3 years after the date of such dissolution.” (Emphasis added). As the suit was timely commenced, plaintiff is entitled to proceed. Id.; see Art. I, § 21, Fla. Const. (1968).
Pursuant to section 48.101, Florida Statutes (1987), “Process against the directors of any corporation which is dissolved as trustees of the dissolved corporation shall be served on one or more of the directors of the dissolved corporation as trustees thereof and binds all of the directors of the dissolved corporation as trustees thereof.” Service in the present case was effected on Linda Induisi, a former director, and is effective against her as trustee of the dissolved corporation.
DKJ argues that the statutes just cited are limited by section 607.301, Florida Statutes (1987), which makes the directors of the corporation at the time of dissolution its board of trustees for any property owned by it. Under that statute, the directors continue to serve as trustees of the property of the dissolved corporation so long as it holds of record any interest in real property in Florida, or “for a period of 3 years after dissolution, whichever shall be longer.” Id. § 607.301(3). DKJ argues that this statute limits the term of trusteeship to a maximum of three years, unless the dissolved corporation continues to hold an interest in real property. DKJ argues that under the facts of the present case Linda Induisi could no longer be a trustee at the time when served. Since under this theory there was no one available to serve, the action must fail for want of service of process.
DKJ is incorrect. Section 607.301 deals with the distinct problem of disposition of property owned by the dissolved corporation. It is intended to provide an orderly method for disposition of the property of the dissolved corporation and nowhere addresses the defense of claims preserved by section 607.297. Here, the plaintiff sued DKJ in its corporate name, as it was entitled to do under the statute, id., and did so within the prescribed time limit. Id. As service was effected in accordance with section 48.101, the order denying DKJ’s motion is affirmed.[1],[2]

. Even if section 607.301 were applicable here, it would be DKJ’s burden to submit an affidavit negating the possibility that it continued to own property at the time of service of process.

. Sections 607.297 and 607.301 have been repealed effective July 1, 1990. See Ch. 89-154, § 166, Laws of Fla.; see also § 607.1401, et seq., Fla.Stat. (1989) (effective July 1, 1990).